**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tatijana Jovanovic, | ) | |
| | ) | Case No. 26-cv-13328 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES Plaintiff, TATIJANA JOVANOVIC, through counsel, and alleges the following against Defendant, CITY OF CHICAGO.

## Jurisdiction, Venue and Parties

1. This Court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in Chicago.

3. The Plaintiff is Tatijana Jovanovic, who resides in Chicago.

4. The Defendant is the City of Chicago, a municipal corporation of the State of Illinois.

5. Tatijana Jovanovic is employed by the City of Chicago, but she has not worked—and has not been paid—since February 21, 2025.

6. Jovanovic has worked for the City since October 6, 2003.

7. Jovanovic's job title is Aviation Security Officer.

## Count I: Sex Discrimination in Violation of Title VII

8. Plaintiff incorporates the above paragraphs as if re-stated here.

9. Jovanovic is a woman.

10. Since July 1, 2025, Jovanovic has been trying to return to work (after recovering from a work-related injury she suffered on February 21, 2025), but the City has refused to reinstate her.

11. The excuse given by the City for not reinstating her is that she has medical restrictions that the City cannot accommodate.

12. The City has allowed—and continues to allow—at least eight (8) male Aviation Security Officers to work despite restrictions (medical and otherwise).

13. The City has refused to allow Jovanovic back to work with restrictions because she is a woman.

14. The City has treated other women in the same discriminatory fashion as Jovanovic.

15. In Jovanovic's last performance review (in April 2024), she earned a rating of "Exceeds Expectations."

16. The City's actions (in treating Jovanovic worse than her male, similarly-situated co-workers) violate Title VII's ban on sex discrimination in employment.

17. Jovanovic has been harmed by the City's violations of Title VII: she has lost wages and benefits; she has suffered emotional distress; and she has had to hire an attorney to try to remedy the violation of her rights.

18. Plaintiff exhausted her administrative remedies under Title VII:

    a. She filed a Charge of Discrimination on February 20, 2026 (EEOC Charge No. 440-2026-04463);

    b. The U.S. Department of Justice Civil Rights Division issued a Notice of Right to Sue on August 4, 2026; and

c. Plaintiff is filing this lawsuit within 90 days of August 4, 2026.

**Count II: Violation of Illinois Human Rights Act ("IHRA")**

19. Plaintiff incorporates the preceding paragraphs.

20. The same actions described above that violate Title VII also violate the Illinois Human Rights Act (specifically, its ban on sex discrimination in employment).

21. Jovanovic has been harmed by the City's violations of the IHRA: she has lost wages and benefits; she has suffered emotional distress; and she has had to hire an attorney to try to remedy the violation of her rights.

22. Plaintiff exhausted her administrative remedies under the IHRA:

a. Her EEOC charge referenced above was automatically cross-filed with the Illinois Department of Human Rights ("IDHR");

b. She informed the IDHR of the right-to-sue from the DOJ on August 13, 2026;

c. The IDHR issued a Notice to Plaintiff on September 16, 2026 that she had the right to sue under the IHRA (IDHR Charge No. 2026CR2607); and

d. Plaintiff is filing this lawsuit within 90 days of September 16, 2026.

WHEREFORE, Plaintiff requests that Defendant be found liable, that judgment be entered against it, and that she be awarded all damages to which she is entitled, including but not limited to: reinstatement (or front pay if she is not reinstated), back pay (July 1, 2025 through date of reinstatement), compensatory damages for emotional distress and other non-pecuniary losses, prejudgment interest, post-judgment interest, and payment of her attorney's fees and costs.

**Plaintiff Requests Trial by Jury**

*Respectfully submitted by:*

/s/ Julie Herrera
Law Office of Julie O. Herrera
231 S. LaSalle St., Suite 2100
Chicago, IL 60604
312-479-3014 (Phone)
708-843-5802 (Fax)
www.julieherreralaw.com
jherrera@julieherreralaw.com

Date: 10/29/26